UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Cesar HERNANDEZ-Guillen,

Defendant

Magistrate Docket No. '07 MJ 2626

COMPLAINT FOR VIOLATION OF:

Title 8, U.S.C., Section 1326
Deported Alien Found in the
United States

The undersigned complainant, being duly sworn, states:

On or about **November 7, 2007** within the Southern District of California, defendant, **Cesar HERNANDEZ-Guillen,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 8th DAY OF **NOVEMBER, 2007**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Cesar HERNANDEZ-Guillen

## PROBABLE CAUSE STATEMENT

On November 7, 2007, Border Patrol Agent R. Moore responded to a call by Senior Patrol Agent M. Jaurigue of a group of illegal aliens near an area known as The Pond. This area is approximately two miles east of the Otay Mesa, California Port of Entry and 1000 yards north of the United States/Mexico International Boundary. After a brief search of the area, Agent Moore observed two individual hiding in some brush. Agent Moore identified himself as a Border Patrol Agent and questioned the individuals as to their citizenship. Both individuals, including one later identified as the defendant **Cesar HERNANDEZ-Guillen**, stated they were citizens and nationals of Mexico without any documents that would allow them to be or remain in the United States legally. The subjects were asked if they had immigration documents in their possession, to stay or remain in the United States legally, both individuals responded "NO". Both individuals were arrested at approximately 1:30 A.M., and then transported to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **September 7, 2007** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights, which he stated he understood and was willing to answer questions without having an attorney present. The defendant again admitted to being a citizen and national of Mexico illegally in the United States.